UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TECHNOLOGY LICENSING CORPORATION, | ) ) ) CIVIL ACTION NO. 1:11-cv-06119 |
| Plaintiff, | ) ) Honorable Judge Suzanne B. Conlon |
| v. | ) Hon. Magistrate Judge Sidney I. Schenkier ) |
| ONKYO USA CORPORATION, ONKYO CORPORATION; MERIDIAN AMERICA, INC., and MERIDIAN AUDIO, LTD., | ) **JURY TRIAL DEMANDED** ) ) ) |
| Defendants. | ) |

## **FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

In this action for patent infringement, Plaintiff Technology Licensing Corporation ("TLC") complains of Onkyo USA Corporation ("Onkyo USA"), Onkyo Corporation ("Onkyo Corp."), Meridian America, Inc. ("Meridian USA"), and Meridian Audio, Ltd. ("Meridian Audio") (collectively, "Defendants") as follows:

## **JURISDICTION AND VENUE**

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code § 1 *et seq*. This Court has exclusive original jurisdiction over the subject matter of this Complaint under 28 U.S.C. §§ 1331 and 1338(a).

2. Venue is proper under 28 U.S.C. §§ 1391 and 1400(b) because Defendants are subject to personal jurisdiction, do business in this judicial district, and have committed acts of infringement in this judicial district.

## **PARTIES**

3. TLC is a Nevada corporation and has its principal place of business at 711 South Carson Street, Suite 6, Carson City, NV 89701. TLC owns the full and exclusive right, title and

interest in and has standing to sue for infringement of United States Patent Nos. 6,870,964 ("the '964 Patent") and 7,382,929 ("the '929 Patent").

4. Onkyo USA is a New Jersey Corporation having a principal place of business at 18 Park Way, Upper Saddle River, New Jersey 07458. Onkyo USA designs, develops, offers for sale, and sells nationwide, including substantial business in this judicial district, products that are covered by at least claim 1 of the '964 Patent, claim 16 of the '929 Patent, including blu-ray disc players and receivers such as model no. BD-SP808, HT-S7300 and other products incorporating Faroudja DCDi and Marvell QDEO.

5. Onkyo Corp. is an alien Corporation having a principal place of business at 2-1, Nissin-cho, Neyagawa-shi, Osaka, 572-8540 Japan. Onkyo Corp. designs, develops, offers for sale, and sells nationwide, including substantial business in this judicial district, products that are covered by at least claim 1 of the '964 Patent, claim 16 of the '929 Patent, including blu-ray disc players and receivers such as model no. BD-SP808, HT-S7300 and other products incorporating Faroudja DCDi and Marvell QDEO.

6. Meridian USA is Delaware Corporation having its primary place of business at 110 Greene Street, Suite 407, New York, NY, 11012. Meridian USA designs, develops, offers for sale, and sells nationwide, including substantial business in this judicial district, products that are covered by at least claim 1 of the '964 Patent, claim 16 of the '929 Patent, including receivers such as model nos. G91 DVD Audio Player Controller Tuner, G95 Surround Receiver, and G98 DVD Audio Transport incorporating Faroudja DCDi and/or Marvell QDEO.

7. Meridian Audio is an alien corporation organized under the laws of the United Kingdom and having its primary place of business at Latham Road, Huntington, Cambridgeshire PE29 6YE, England. Meridian Audio designs, develops, offers for sale, and sells nationwide,

including substantial business in this judicial district, products that are covered by at least claim 1 of the '964 Patent, claim 16 of the '929 Patent, including receivers such as model nos. G91 DVD Audio Player Controller Tuner, G95 Surround Receiver, and G98 DVD Audio Transport incorporating Faroudja DCDi and/or Marvell QDEO.

**PATENT INFRINGEMENT**

8. TLC owns all right, title, and interest in and has standing to sue for damages for any past, present and future infringement of the '964 Patent entitled "Spatial Scan Replication Circuit." The '964 Patent issued on March 22, 2005. Further, the '964 Patent was reexamined and reissued on August 4, 2009.

9. TLC owns all right, title and interest in and has standing to sue for damages for any past, present, and future infringement of the '929 Patent entitled "Spatial Scan Replication Circuit." The '929 Patent was issued on June 3, 2008.

10. Upon information and belief, Onkyo USA has made, used, offered for sale, sold, and/or imported products which possess video processing technology and methods, including but not limited to Directional Correctional Interlacing ("DCDi") as well as Qdeo on models including, but not limited to BD-SP808 and HT-S7300. ("Onkyo Devices"). These acts by Onkyo USA have directly infringed at least independent claim 1 of the '964 and claim 16 of the '929 Patent within the meaning of 35 U.S.C. §271(a).

11. Onkyo USA's direct infringement of the '964 and '929 Patents has injured TLC, and TLC is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

12. Upon information and belief, Onkyo Corp. has made, used, offered for sale, sold, and/or imported products which possess video processing technology and methods, including but

not limited to Directional Correctional Interlacing ("DCDi") as well as Qdeo on models including, but not limited to BD-SP808 and HT-S7300. ("Onkyo Devices"). These acts by Onkyo USA have directly infringed at least independent claim 1 of the '964 Patent and claim 16 of the '929 Patent within the meaning of 35 U.S.C. §271(a).

13. Onkyo Corp's direct infringement of the '964 and '929 Patents has injured TLC, and TLC is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

14. Upon information and belief, Meridian USA has made, used, offered for sale, sold, and/or imported products which possess video processing technology and methods in accordance with the inventive aspects of the '964 and '929 Patents including, receivers such as model nos. G91, G95 and/or G98 incorporating Faroudja DCDi ("Meridian Devices"). These acts by Meridian USA have directly infringed at least independent claim 1 of the '964 Patent and claim 16 of the '929 Patents within the meaning of 35 U.S.C. §271(a).

15. Meridian USA's direct infringement of the '964 and '929 Patents has injured TLC, and TLC is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

16. Upon information and belief, Meridian Audio has made, used, offered for sale, sold, and/or imported products which possess video processing technology and methods in accordance with the inventive aspects of the '964 and '929 Patents, including, including receivers such as model nos. G91, G95 and/or G98 incorporating Faroudja DCDi ("Meridian Devices"). These acts by Meridian USA have directly infringed at least independent claim 1 of the '964 Patent and claim 16 of the '929 Patent within the meaning of 35 U.S.C. §271(a).

17. Meridian Audio's direct infringement of the '964 and '929 Patents has injured TLC, and TLC is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

## **RELIEF SOUGHT**

WHEREFORE, TLC respectfully requests this Court enter judgment against each Defendant, and against their subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with them, as follows:

A. The entry of final judgment in favor of TLC.

B. An award to TLC of such damages as it shall prove at trial against Defendants Onkyo USA, Onkyo Corp, Meridian USA and Meridian Audio that is adequate to compensate for their infringement of the '964 and '929 Patents, said damages to be no less than a reasonable royalty, together with prejudgment interest from the date infringement of the '964 and '929 Patents began;

C. A determination that this case is exceptional pursuant to 35 U.S.C. § 285 and an award to TLC of the costs of this action and its reasonable attorneys' fees; and

D. Such other relief as TLC is entitled to recover under any applicable law and as this Court and/or a jury may determine to be proper and just.

# **JURY DEMAND**

TLC hereby demands a trial by jury on all issues triable to a jury in this case.

Dated: September 28, 2011

Respectfully submitted,

*/s/ Christopher W. Niro*
Raymond P. Niro
Christopher W. Niro
NIRO, HALLER & NIRO
181 W. Madison, Suite 4600
Chicago, Illinois 60602
Telephone: (312) 236-0733
Facsimile: (312) 236-3137

*Attorneys for Plaintiff
Technology Licensing Corporation*